## Case No. 9,179.

### MARVIN v. CHAMBERS.

[12 Blatchf. 495; [1] 13 N. B. R. 77; 1 N. Y. Wkly. Dig. 365.]

Circuit Court, E. D. New York. April 17, 1875.

BANKRUPTCY—ILLEGAL PREFERENCE — MORTGAGE TO SECURE FUTURE CREDITS.

F., a dealer in boots and shoes, was accustomed to buy goods of C. At a time when he was not indebted to C., he applied to C. to buy more goods on credit, and it was agreed that C. should furnish him goods from time to time, on the security of a mortgage on certain lands of F. The mortgage was made by F. to C., being, in terms, to secure any liability, not exceeding $3,000, that might be incurred by F. to C., and being so drawn as to cover any present as well as any future liability. C. afterwards sold goods to F. to the value of $800, who continued his business, but was, shortly afterwards, adjudged a bankrupt. The assignee in bankruptcy of F. brought this suit to set aside the mortgage: *Held*, that the mortgage was valid to the extent of the goods sold by C. to F. on the faith of the mortgage.

In equity.

Richard Marvin, in pro. per. Charles M. Dickinson, for defendant.

BENEDICT, District Judge. This is an action brought by Richard Marvin, assignee in bankruptcy of Joseph Farrel, to set aside a mortgage made by Farrel to the defendant James Chambers. It appears, from the evidence, that Farrel was a dealer in boots and

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

shoes, accustomed to buy goods of the defendant. On the 5th of June, 1874, Farrel, not being at the time indebted to Chambers, applied to Chambers to buy more goods upon credit, whereupon it was agreed that goods should be furnished him from time to time, upon the security of a mortgage upon certain lands. In pursuance of this arrangement, the mortgage in question was made, which, in terms, stated that it was given to secure any liability, not exceeding the sum of $3,000, that might be incurred by the mortgagor to the mortgagee. The clause in the mortgage is drawn to cover any present as well as any future liability; but, as before stated, it is admitted that no present liability existed at the time of its execution. Goods were thereafter sold by Chambers to Farrel, to the amount of some $800, and, no long time afterwards, Farrel became bankrupt. Now, Chambers claims to hold this mortgage as security for the value of the goods actually sold by him to Farrel upon the faith of the mortgage. The evidence contains some contradictory testimony as to whether Chambers knew that Farrel was insolvent at the time of the execution of the mortgage; but, there is no dispute as to the fact, that, after giving the mortgage, Farrel continued his business, and actually received from Chambers some $800 worth of goods, which were purchased upon the faith of the mortgage in question. The case is thus shown to be one of a mortgage executed in good faith, for a present good consideration. Such a mortgage is protected by the bankrupt law, and, to the extent of the advances actually made, is good as against an assignee in bankruptcy.

There must, therefore, be a decree dismissing the bill, with costs.